## BAUMAN v. VEACH et ux.

No 9482—Opinion Filed Dec. 10, 1918.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 578.)

**Deeds—Evidence.**

The evidence in this case examined, and held, that the facts as pleaded and proved by the defendants in error are not sufficient to deny to the plaintiff in error the rights to subject the same to the enforcement of his lien.

(Syllabus by Hooker, C.)

Error from County Court, Beckham County; E. G. McComas, Judge.

Action by John Bauman against Carl C. Veach and wife. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

D. W. Tracy, for plaintiff in error.

T. Reginald Wise, for defendants in error.

Opinion by HOOKER, C. Carl Veach and his wife, Ellen Veach, executed a note as part payment of the purchase price of a track of land, and secured the same by a second mortgage upon a piece of real estate and also a chattel mortgage on some personal property belonging to him and his wife. The note in question was before maturity assigned to the plaintiff in error. Thereafter the holder of the first mortgage upon said real estate instituted a suit to foreclose the same, and made Veach and his wife, the record holder of the land, a party defendant, and also the plaintiff in error, as the holder of the second mortgage.

The plaintiff in error filed an answer and cross-petition in said cause, and procured a judgment upon his note and a foreclosure of his lien upon the real estate, but no disposition was made as to the foreclosure of the chattel mortgage, nor sought in said action. The land was sold under the foreclosure proceedings, and purchased by the holder of the first mortgage for less than the amount of the debt due on the first mortgage.

The foreclosure decree was rendered on September 21, 1914, and on the day before Veach and his wife on their own volition executed a deed to this land to the plaintiff in error, caused the same to be placed on record, and, when recorded, mailed the same to the plaintiff in error. This was done without the knowledge or consent of the plaintiff in error, and thereafter the plaintiff in error instituted this suit for the purpose of foreclosing his chattel mortgage lien, and at the same time procured a writ of replevin for the personal property embraced in said mortgage.

Veach and his wife pleaded, as a defense to this action, that plaintiff in error had already procured one judgment upon said note that is res adjudicata, and also interposed the defense that the debt and lien evidenced by the note and chattel mortgage in question here had been discharged by the execution and delivery of a deed to the real estate by them to the plaintiff in error, which deed they claim was accepted in full discharge of the debt and lien due by them to the plaintiff in error.

The sole question submitted to the jury in this case was whether the plaintiff in error had accepted said deed in full satisfaction and discharge of the obligation sued upon here. And every defense was eliminated by the instructions of the court.

Plaintiff in error has assigned several reasons why this case should be reversed; but, in view of the fact that, as stated, only one issue was submitted to the jury, we deem it necessary to consider only that question in the determination of this cause.

As stated, the only evidence here as to the execution and delivery of this deed by Veach and his wife to the plaintiff in error is that Veach and his wife executed this deed, placed the same on record, and then mailed the same to the plaintiff in error, all of which was done without his knowledge or consent, and in a few days thereafter they asked him if he would reconvey said land to another party to whom they thought they might sell it, which he declined to do, and thereafter the land was sold under the foreclosure proceedings and purchased by the plaintiff in said action for less than the amount due upon the first mortgage

It is contended now by the plaintiff in error that this evidence is insufficient to constitute a defense to this action, and that the trial court should have instructed the jury to return a verdict for the plaintiff in error on account of the insufficiency of said evidence, while the defendants in error contend that the mere fact that the plaintiff in

error refused to reconvey this property at their instance was of itself an acceptance of the deed, and operated as a discharge of the obligation due by them to him. There is not any contention here that there was any agreement, any understanding, or any contract made between these parties at any time as to what the consideration for this property would be, nor was there any agreement, or understanding, or contract whereby the plaintiff in error obligated himself to release this lien and discharge the personal property by reason of the conveyance of this real estate to him.

The record conclusively establishes this real estate was sold under a foreclosure proceeding a short time after this deed was executed to the plaintiff in error, and was purchased by the holder of the first mortgage for less than the first mortgage indebtedness, and no benefit whatever accrued to the plaintiff in error by virtue of the execution and delivery of said deed to him.

We fail to understand how the intention of the grantors in said deed, which was never expressed or communicated to the plaintiff in error, can constitute a contract or agreement, or operate as a discharge of the lien on personal property, and we are therefore of the opinion that this evidence was insufficient to constitute any defense or to authorize the submission of this issue to the jury.

Therefore the judgment of the lower court is reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.